IRVING S. ROBESON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE W. ROBESON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EMMA H. ROBESON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROBERT H. ROBESON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22126, 26267–26269. Promulgated November 22, 1929.

*Kendall B. Castle, Esq.,* for the petitioners.
*Harold Allen, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioners contend that the Commisisoner erred in including in the computation of their respective incomes, the total

amount of the dividends which each received from the Robeson-Rochester Corporation on May 22, 1923, claiming that 33.545 per cent of the total amount was not earnings of the new corporation since January 1, 1923, the date upon which it began business and that such percentage of the total dividends received by each did not represent taxable dividends, but on the contrary should be used to reduce the basis of their stock in the Robeson-Rochester Corporation.

From the statement of the respondent's counsel at the hearing, it appears that there is no question in this case as to any fact and the only question for our consideration is whether or not in view of the fact that the two consolidating companies had earnings since March 1, 1913, more than sufficient to pay the dividend in question, the excess of this dividend over the earnings of the consolidated company since January 1, 1923, is taxable to the distributees as an ordinary dividend.

Section 201 of the Revenue Act of 1921 provides in paragraph " a " that the term " dividend " means any distribution made by a corporation to its shareholders or members out of *its* earnings or profits accumulated since February 28, 1913. This same section in paragraph " c " provides that any distribution made by a corporation to its shareholders or members otherwise than out of earnings or profits accumulated since February 28, 1913, or earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from the sale or other disposition of the stock or shares by the distributee.

It is obvious in the present case, that the petitioner's contention is correct. Of the total amount distributed on May 22, 1923, by the Robeson-Rochester Corporation, 33.545 per cent was not out of *its* earnings or profits accumulated since February 28, 1913, because its earnings to this extent were less than the amount of the dividend. It therefore does not matter that this part of this dividend might have been out of earnings or profits accumulated by the two predecessor companies since February 28, 1913. Furthermore, the Act provides for just such a case as this, and under section 201 (c), 33.545 per cent of the total amount received by each distributee is to be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from the sale or other disposition of the stock or shares by the distributee.

Reviewed by the Board.

*Judgment will be entered in accordance with the foregoing opinion, under Rule 50.*